UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEVENS CHARLEMOND,

    Plaintiff,

v.

P. SUKMANOWSKI, Acting Field
Office Director, et al.,

    Defendants.

25-CV-06295-MAV
DECISION & ORDER

---

## INTRODUCTION

*Pro se* Petitioner Levens Charlemond, a citizen of Haiti, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 6, 2025, after having been detained by the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") since March 2024. ECF No. 1; ECF No. 7-1 at 2. While in ICE custody in Florida, Petitioner sought habeas relief, which the United States District Court for the Southern District of Florida denied in May 2025. ECF No. 7-1.

After being transferred to the Buffalo Federal Detention Facility, Petitioner renewed his request for habeas relief, alleging that his continued detention by ICE "violates 8 U.S.C. § 1231(a)(6), as interpreted in *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)]." ECF No. 1 at 1. Petitioner requests, as he did in Florida, that he be released under an order of supervision. *Id.* at 5; ECF No. 7-1 at 1. On December 1, 2025, Respondents submitted a letter in response to the instant petition, contending that

1

*Zadvydas* is inapplicable because no final order of removal has been issued in Petitioner's immigration case, that Petitioner is being detained under 8 U.S.C. § 1226(c), not § 1231, and acknowledging that given the length of Petitioner's detention, binding Second Circuit case law "would likely lead [the] Court to order that Petitioner receive a bond hearing before an immigration judge . . . ." ECF No. 3; *see Black v. Decker*, 103 F.4th 133 (2d Cir. 2024).

For the reasons that follow, the Court finds that Petitioner is entitled to a bond hearing pursuant to *Black v. Decker*, and his petition is granted to that extent.

## BACKGROUND

The following facts are drawn from the petition and the Southern District of Florida's May 2025 order. Petitioner is a citizen of Haiti, who was admitted to the United States in April 2007 as an asylee. ECF No. 7-1 at 1; ECF No. 1 at 3. As pertinent to his present detention, ICE encountered Petitioner in 2023 while he was serving a twenty-six-month state prison sentence in Florida on convictions for Aggravated Assault with a Weapon/No Intent to Kill and Possession of Ammunition by a Convicted Felon.[1] ECF No. 7-1 at 2. Upon his release on March 25, 2024, the Department of Homeland Security ("DHS") detained him and issued a Final Administrative Removal Order pursuant to 8 U.S.C. § 1228(b) (section 238(b) of the Immigration and Nationality Act ("INA")), finding Petitioner removable under 8

---

[1] Petitioner had been previously convicted of Burglary of a Structure and Grand Theft of a Firearm in May 2014 and was sentenced to 18 months in Florida state prison. ECF No. 7-1 at 1; ECF No. 1 at ¶ 11. The Department of Homeland Security ("DHS") first initiated removal proceedings in 2014, which were later terminated by an immigration judge, and Petitioner was released from custody on his own recognizance in June 2015. ECF No. 7-1 at 2.

2

U.S.C. § 1227(a)(2)(A)(iii) as a noncitizen convicted of an offense under 8 U.S.C. § 1101(a)(43)(E). *See id.*

On April 16, 2024, U.S. Citizenship and Immigration Services issued a Notice of Referral to the immigration judge, referring Petitioner for withholding-only proceedings. *Id.* On April 22, 2024, Petitioner appeared before an immigration judge in such proceedings and was provided several continuances to obtain an attorney. *Id.* at 2–3. On August 26, 2024, the immigration judge denied Petitioner's motion to terminate withholding-only proceedings, and on September 18, 2024, the Board of Immigration Appeals ("BIA") dismissed Petitioner's interlocutory appeal. *Id.* at 3. On September 27, 2024, the immigration judge terminated withholding-only proceedings upon DHS's motion. *Id.* The same day, DHS canceled the Final Administrative Removal Order and issued a NTA in removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.* Petitioner sought relief in the form of a Deferral of Removal pursuant to the Convention Against Torture. ECF No. 3 at 2. On September 11, 2025, the immigration court denied Petitioner's application for relief from removal and ordered he be removed to Haiti. *Id.* On October 16, Petitioner appealed this order to the BIA, which remains pending. *Id.* at 1 n.1, 2.

Since ICE detained him on March 25, 2024, Petitioner has not been afforded a bond hearing. *See id.* at 3–4.

## DISCUSSION

28 U.S.C. § 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties

3

of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Petitioner alleges that his continued detention violates, *inter alia*, his right to procedural due process under the United States Constitution. *See* ECF 1 at 4. He asks the Court to grant his release under an order of supervision. *Id.* at 5. Petitioner mistakenly relies on *Zadvydas* in support of his petition. *See id.* No final order of removal has been issued in his immigration case, therefore, § 1231 of the INA—and the United State's Supreme Court's analysis of § 1231 in *Zadvydas*—is not the appropriate analytical framework to apply to the instant petition. *See Loachamin v. Kurzdorfer*, 792 F. Supp. 3d 353, 357–58, 363 (W.D.N.Y. 2025). Given Petitioner's criminal history, his detention, pre-final order of removal, is governed by 8 U.S.C. § 1226(c).

Section 1226 of the INA "generally governs the process of . . . detaining" noncitizens during removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citing 8 U.S.C. § 1226). While the government "may release" noncitizens detained under section 1226(a), those detained under section 1226(c)—which applies to noncitizens who have committed certain criminal offenses or engaged in certain terrorist activities—must be detained unless narrow circumstances related to witness protection are met. *Id.* at 288–89. In *Jennings*, the Supreme Court held that the statute does not require—and in fact prohibits—the government from offering a noncitizen detained under section 1226(c) the opportunity to challenge the detention at a bond hearing. *Id.* at 303. But the Court declined to decide whether the

4

Constitution nonetheless requires that noncitizens held under section 1226(c) be afforded such an opportunity. *Id.* at 312.

"In *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), the Second Circuit answered that question, holding that 'a noncitizen's constitutional right to due process precludes . . . unreasonably prolonged detention under section 1226(c) without a bond hearing.'" *J.M.H. v. Freden*, No. 24-CV-875-LJV, 2025 WL 81919, at *5 (W.D.N.Y. Jan. 13, 2025) (alteration in original) (quoting *Black*, 103 F.4th at 138). Further, it held that the three-factor balancing test of *Mathews v. Eldridge*, 424 U.S. 319 (1976), "supplies the proper framework for determining when and what additional procedural protections are due such a detainee." *Id.* (quoting *Black*, 103 F.4th at 138). The *Mathews* factors requires assessment of (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Black*, 103 F.4th at 151 (quoting *Mathews*, 424 U.S. at 335).

Applying these factors to a noncitizen held under section 1226(c), the Second Circuit held that: (1) the petitioner's private liberty interests were "'seriously affected'" by a seven-month detention, which it described as "'prolonged'"; (2) there were "'very few'" procedures available to noncitizens detained under section 1226(c), which increased the risk of "'erroneous deprivation'" to the petitioner's "'private

5

liberty interests'"; and (3) the government's valid interests in ensuring a noncitizen's appearance at removal proceedings and in protecting the community from dangerous noncitizens could be adequately addressed through "'additional procedural safeguards.'" *Foster v. Brophy*, No. 24-CV-6728-FPG, 2025 WL 833192, at *1 (W.D.N.Y. Feb. 11, 2025) (quoting *Black*, 103 F.4th at 151–53).

The Second Circuit concluded that the petitioner was entitled to an "individualized bond hearing by an [immigration judge]." *Black*, 103 F.4th at 155). The Second Circuit also directed that, at the bond hearing, the burden must be placed on the government to justify continued detention "by clear and convincing evidence" and, with respect to a detainee's risk of flight, that the immigration judge must "consider both [the detainee's] ability to pay and any alternatives to detention" that would assure his appearance. *Id*.

Compared to the petitioner's seven-month detention in *Black v. Decker*, Petitioner's detention here under § 1226(c) is approaching twenty-one months. Petitioner is entitled to a bond hearing consistent with binding Second Circuit precedent. Petitioner's § 2241 petition for habeas corpus is granted to that extent.

## ORDER

IT IS HEREBY ORDERED that Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED insofar as Petitioner shall receive an individualized bond hearing before an immigration judge pursuant to *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024); and it is further

ORDERED that **by December 23, 2025**, Respondents shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on his present risk of flight or danger to the community. Before the immigration judge may conclude that detention is justified based on a risk of flight, the immigration judge must consider Petitioner's ability to pay and alternative means of assuring his appearance; and it is further

ORDERED that if a bond hearing is not held by December 23, 2025, Respondents shall release Petitioner immediately with appropriate conditions of supervision. **By December 29, 2025**, Respondents shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline and the outcome thereof, or (2) that Petitioner was released with appropriate conditions of supervision; and it is further

ORDERED that the Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: December 11, 2025
       Rochester, New York

*[signature]*
HON. MEREDITH A. VACCA
United States District Judge